

# RUSSELL LAW GROUP, PLLC

*Attorneys & Counselors at Law*
400 ... Avenue
... 01
Westbury, ... York 11590
Tel: (...) 76-9300
Fax: (...) 876-9301

**Via Electronic Case Filing**
**& Regular Mail**

July 18, 2016

The Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Re**: <u>United States of America v. Imran Ishmile Badoolah</u>
Indictment No.: 12-CR-774(KAM)

Dear Judge Matsumoto:

This firm represents Imran Badoolah, and we respectfully submit this letter for the Court's consideration in sentencing him in the above referenced matter on August 30, 2016. The purpose of this letter is to inform the Court what we believe to be an appropriate Guidelines Range, and to provide significant facts relevant to sentencing which we believe warrant a substantial downward departure and outside of the Guidelines Sentence for Mr. Badoolah. We are respectfully seeking a sentence of time served as Mr. Badoolah has been confined to his home for almost four years and presents with a number of mitigating factors.

1

## A. MR. BADOOLAH'S BACKGROUND

The Court's determination of an appropriate sentence should be guided by consideration of the factors set forth in 18 U.S.C. 3553(a), which are discussed below in relevant part.

### 1. The History and Character of the Defendant.

Mr. Badoolah is forty-six (46) years old and was born in Berbice, Guyana, where he grew up in a close knit poor working class family, compromising of his father, Ishmile, Rihannah (mother) and brother, Zaman. Imran attended school while he worked with his father in rice fields cultivating rice. He attended Bushlott High School where he completed two or three years of school but had to drop out as he was unable to maintain the rigorous demands of working to support his family and attending high school. Although the family was very poor their faith in the Muslim religion gave Imran and his family the strength and courage they needed to persevere. In that vein Imran, his brother and five others from his village enrolled in the Islamic Institute located which was then located in the village of Leonora, Guyana. After just four or five months at that institution word came from Imran's father that the family would be migrating to the United States which occurred on December 27, 1989.

Upon arriving in the United States at the age of 18 or 19 years old, Imran and his family lived with his uncle, Hanil, in Brooklyn for approximately three months then moved to Queens. Consistent with Imran's work ethic he, along with his brother and father secured employment within two weeks of entering the country at a Duane Reade working as stock clerks. Imran worked there for two or three years then transitioned to a company called Comco Plastics where he worked as a laborer on a production line manufacturing plastic parts.   While working at Comco Plastic, Imran's father and

2

brother purchased a house located at 87-63 125 Street in Richmond Hill 11418 with the assistance of his mother-in-law Bibi Shaw as the cosignor.

His brother, Zaman, informed Imran that his employer was hiring and Imran then obtained employment with Accordia Insurance as a mail and filing clerk located at 90 Park Avenue in New York City. Imran work in that capacity for approximately five/six years. Unfortunately, Imran fell ill and was unable to report to work for about a week. When he returned to work he was advised that he was terminated.

Disappointed with the news of his termination and facing three young children and an ex-wife to support at that time, Imran and his father decided to use the equity from the family home to invest in real estate as Imran's source of income and employment to support his family. It is this transaction that launched Mr. Badoolah in the world of real estate investment.

Since then Mr. Badoolah has expanded his business ventures to include donut and juice franchises in Saudi Arabia. Mr. Badoolah has eight children who relied on him for financial support prior to his arrest. Quite naturally, since his arrest he is financially ruined. He suffers from high cholesterol and needed treatment for the sores that festered on his ankle as a result of his ankle bracelet that he wore for over three years.

## B. APPLICABLE STATUTORY PROVISIONS

§2B1.1. Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States

(a) Base Offense Level: 7, if (A) the defendant was convicted of an offense referenced to this guideline; and (B) that offense of conviction has a statutory maximum term of imprisonment of 20 years or more; or

(2) 6, otherwise.

(b) **Specific Offense Characteristics**

(1) If the loss exceeded $6,500, increase the offense level as follows:

3

| Loss (Apply the Greatest) | | Increase in Level |
|---|---|---|
| (F) | More than $150,000 | add 10 |
| (G) | More than $250,000 | add 12 (not applicable) |

E) **Credits Against Loss.—Loss shall be reduced by the following:**

(ii)   In a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing.

(iii)   Notwithstanding clause (ii), in the case of a fraud involving a mortgage loan, if the collateral has not been disposed of by the time of sentencing, use the fair market value of the collateral as of the date on which the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

In such a case, there shall be a rebuttable presumption that the most recent tax assessment value of the collateral is a reasonable estimate of the fair market value. In determining whether the most recent tax assessment value is a reasonable estimate of the fair market value, the court may consider, among other factors, the recency of the tax assessment and the extent to which the jurisdiction's tax assessment practices reflect factors not relevant to fair market value.

## C. SUGGESTED GUIDELINES RANGE CALCULATION

We respectfully ask the Court to calculate the offense level as follows:

| | |
|---|---|
| **Base Offense Level**- Pursuant to U.S.S.G. § 2B1.1(a)(1) : | **7** |
| **Specific Offense Characteristics:** The instant offense involved loss of **$184,720.72** resulting from a foreclosure sale. | **10** |
| **Adjusted Offense Level** (Subtotal): | **17** |
| **Acceptance of Responsibility:** | **-2** |
| **Acceptance of Responsibility:** | **-1** |

4

**Total Offense Level:**                                                                              **15**

### D. DEFENSE'S DISPUTE OF PROBATION'S "SPECIFIC OFFENSE CHARACTERISTIC" CALCULATION.

The defense vehemently opposes the "Specific Offense Characteristic" calculation set forth in the Presentence Report.  It is important to note that the so-called losses depicted in bolded font in the chart on Pages Six-Seven of the Report is unreliable, grounded in pure speculation and conjecture and is seemly presented to Your Honor in bad faith. One clear example that the chart is patently wrong can be seen with respect to the last property listed on the chart on the bottom of Page 7. That property, located at 120-46 131st Street, reflects a loan amount of $73,926 but an "actual loss" amount of $379,620. This is clearly incorrect as interest is excluded when calculating the loss amount.

Another glaring example that the chart is per se invalid and unreliable is the missing variable with respect to every property used to calculate the loss amount figure. Probation provided the Court with the loan amount, conceded that the balance due on the loan is "unknown" yet was able to indicate an actual loss. If the balance due on the mortgage loan is "unknown," there is no conceivable way Probation can determine the actual loss.

Moreover, Probation concluded that the loss amount is $1,587,310 without indicating in their chart whether any of the bolded properties used to reach the loss amount have been disposed of. Without knowing whether each property has been disposed of, the Court cannot properly provide credit against the so-called losses nor use the alternative in determining loss, the fair market value, as delineated in §2B1.1 of the Sentencing Guidelines.

5

Specifically, the following properties used to calculate the loss amount is disproven by official records filed with the County Clerk's Office showing that, with the exception of one property, the mortgages were fully satisfied and paid in full as indicated below:

| | |
|---|---|
| 117-19 164th Street | Satisfaction of mortgage paid in full<br>*See* **Exhibit A** |
| **115-03 168th Street** | **Sold via Referee Sale for $185,000.**<br>*See* **Exhibit B** |
| 107 Patchen Avenue | Satisfaction of mortgage paid in full<br>*See* **Exhibit C** |
| 130-09 120th Street | Satisfaction of mortgage paid in excess of<br>mortgage- See **Exhibit D** |
| 133-33 127th Street | Satisfaction of mortgage paid in full<br>*See* **Exhibit E** |
| 101-16 114th Street | Satisfaction of mortgage paid in full<br>*See* **Exhibit F** |
| 120-46 131st Street | Satisfaction of mortgage paid in full<br>*See* **Exhibit G** |

### E. DEFENSE'S DISPUTE OF PROBATION'S FINDING THAT MR. BADOOLAH WAS THE ORGANIZER OR LEADER AND THE SCHEME INVOLVED SOPHISTICATED MEANS.

The only person charged in the Indictment is Mr. Badoolah. Upon information and belief, other than the defendant, Carl Bennett is the only person known to the defense who was arrested and prosecuted for crime(s) related to the instant offense. Probation's summary statement that this conspiracy involved five or more participant is baseless and void of any substantive proof in support of same. Nothing presented to the Court or the defense supports the conclusion that Mr. Badoolah was the organizer and or ring leader of this conspiracy. Accordingly, a four-level adjustment is unwarranted.

The Probation Department further asserted that the conspiracy involved sophisticated means because Mr. Badoolah created corporate entities for the sole

purpose of buying and selling real properties. This form of purchasing real estate is far from sophisticated, legal, is done every day across the country and is even encouraged by real estate attorneys to limit any potential liability. As such, the two-level increase for sophisticated means is likewise unwarranted. Notably, the Gov't did not include these factors in the plea agreement.

## F.  INTERNATIONAL TRIPS AND FRADULENT IDENTIFICATIONS.

The trips highlighted to this Court are perfectly legal and were made for business and/or familial purposes. Nothing about these trips should impact Mr. Badoolah's sentence.

Mr. Badoolah vehemently denies any association with any fraudulent documents produced by the Department of State. Furthermore, he legally sought a name change at the Queens County Civil Court on October 3, 2012, prior to his arrest, which the Court granted on January 9, 2013. *See* **Exhibit H**. Based on the foregoing neither of these allegations should be considered by the Court to enhance Mr. Badoolah's sentence.

### G. CONCLUSION

Mr. Badoolah lived an exemplary life for over thirty (30) years and then deviated from this path in a misguided effort to secure a better life for his family. His role in this conspiracy was miniscule compared to the more culpable conduct of others, but Mr. Badoolah has accepted full responsibility for his role in the offense.

As mentioned in the opening paragraph, Mr. Badoolah has been subjected to home confinement for approximately 43 months. There is no dispute that he has already been punished to some extent by his pretrial home detention. United States v. Miller, 991 F.2d 552, 554 (9th Cir. 1993). I implore Your Honor to consider the relatively minor

7

loss, strong work ethic, Mr. Badoolah's extensive home confinement, his medical issues, and his eight dependents, and ask Your Honor to impose a sentence of time served.

Respectfully Submitted,

Camille O. Russell, Esq.
Russell Law Group, PLLC
Attorneys for Mr. Imran Badoolah
400 Post Avenue, Suite 401
Westbury, New York, 11590
(516) 876-9300
Atty#: 4148151

# EXHIBIT A

Recording Requested By:
VERDUGO TRUSTEE SERVICE CORPORATION

When Recorded Return To:

BIBI SANASIE
11719 164TH ST FL1
JAMAICA, NY 11434-5736

## SATISFACTION OF MORTGAGE

CITIMORTGAGE, INC. #:2005721077 *SANASIE*  Queens, New York

    KNOW ALL MEN BY THESE PRESENTS that CITIMORTGAGE, INC., whose address is 14700 CITICORP DRIVE, MC 1020, HAGERSTOWN, MD 21742, holder of a certain mortgage evidencing an indebtedness in the amount of $380,000.00 plus interest, whose parties, dates and recording information are below, does hereby acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof, does hereby satisfy and discharge said mortgage.

Mortgagor:  BIBI S. SANASIE , INDIVIDUAL
Mortgagee:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CITIMORTGAGE, INC.
Dated:  10/10/2008  Recorded:  01/22/2009  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 2009000019439
This mortgage has not been assigned unless stated below.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CITIMORTGAGE, INC. TO CITIMORTGAGE, INC. Dated: 03/12/2009 Recorded: 04/07/2009 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 2009000100815

Section/Block/Lot N/A-12355-16

Property Address: 117-19 164TH ST, JAMAICA, NY 11434-5736

County:  Queens

State of  New York

    IN WITNESS WHEREOF, CITIMORTGAGE, INC., by the officer duly authorized, has duly executed the foregoing instrument.

CITIMORTGAGE, INC.
On July 11th, 2011

By:
WALTER H EICHELBERGER,
Vice-President

[SEAL]

STATE OF Maryland
COUNTY OF Frederick

On the 11th day of July in the year 2011 before me, the undersigned, personally appeared WALTER H EICHELBERGER, Vice-President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individuals(s) made such appearance before the undersigned in the County of Frederick, State of Maryland.

WITNESS my hand and official seal,

WANDA K. BEANE
Notary Expires: 10/19/2014
Frederick, Maryland

Wanda K. Beane
Notary Public
Frederick Co., MD

[SEAL]

*SRC*SRCCITMP07/06/2011 16:22:00 PM* CITM01CITM0000000000000005909888* NYQUEEN* 2005721077 NYSTATE_MORT_REL *DM8*DM6CITM*

# EXHIBIT B

CaseGen: <u>147354</u>

<u>REFEREE'S DEED</u>

This Deed, made this August 19 , 2010 between BIBI SANASIE by Leslie S. Nizin Esq., Referee, with an address of 125-10 Queens Blvd, Suite 6, Kew Gardens, NY 11415-1519, being the party of the first part and Three Kings of Queens ~~INC~~, ~~1501 Broadway, Ste 1313, New York, NY~~ ~~10036~~ being the party of the second part, INC   SAS SOUTH FEDERAL HIGHWAY   STE 600 BOCA RATON FL 33432

WITNESSETH, that the party of the first part was appointed REFEREE in an action entitled HSBC MORTGAGE CORPORATION (USA) vs. BIBI SANASIE, et al. to foreclose a mortgage(s) recorded in the Queens County Clerk's Office at Certificate/Docket Number 2009000000817 filed under Index Number 7132/09.   Said mortgage was duly assigned by assignment dated the 19th day of March, 2009, and recorded on the 6th day of April, 2009, in the Office of the City Register of the City of New York at Instrument No. 2009000099375;

In pursuance of a JUDGMENT OF FORECLOSURE in said action, executed by the SUPREME COURT and duly entered on the 17th day of September, 2009, and in consideration of the sum of **ONE HUNDRED EIGHTY FIVE THOUSAND Dollars ($185,000.00)**, being the highest sum bid at sale, the party of the first part does hereby grant and convey unto the party of the second part, its successors and assigns, the premises described in "Schedule A" attached hereto,

To have and to hold the premises so conveyed unto the party of the second part, its successors and assigns forever.

The premises are not subject to a credit line mortgage.

In witness whereof, the party of the first part has set her hand the day and year first above written.

-----------------------------------------------------------------------------------------------------
For tax assessor/indexing use:
Section, Block and Lot number, or Block and Lot number: Block 12343, Lot 201
Property address: 115-03 168TH STREET, QUEENS, NY 11434
Tax mailing address: **1501 Broadway, Ste 1313, New York, NY 10036**
-----------------------------------------------------------------------------------------------------

_Leslie Nizin_ referee
Leslie S. Nizin Esq., as Referee

STATE OF NEW YORK        )
COUNTY OF QUEENS         ) SS.
CITY OF                  )

On this August 19 , 2010, before me, the undersigned, personally appeared Leslie S. Nizin Esq., personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

**SEAL**

DORETTA R. SCAROLA
Notary Public, State of New York
No. 01SC4704856
Qualified in Nassau County
Commission Expires November 30, 2013
Notary Public

-----------------------------------------------------------------------------------------------------
After recording, return this deed to: **Three Kings of Queens LLC, 1501 Broadway, Ste 1313, New York, NY 10036**
-----------------------------------------------------------------------------------------------------

# EXHIBIT C

Loan #: 706549



## STANDARD FORM OF SATISFACTION OF MORTGAGE

**KNOW ALL MEN BY THESE PRESENTS, THAT:**
CASTLE PEAK 2012-1 LOAN TRUST MORTGAGE BACKED NOTES, SERIES 2012-1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE BY: SELENE FINANCE LP, ITS ATTORNEY IN FACT, A DELAWARE LIMITED PARTNERSHIP, whose address is SELENE FINANCE LP, 9990 RICHMOND AVE, STE 400 S, HOUSTON, TEXAS 77042 does hereby certify that the following mortgage is satisfied and does hereby consent that the same be discharged of record. Mortgage dated the 8/15/2007 by BIBI S. ALI, A SINGLE WOMAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, ITS SUCCESSORS AND ASSIGNS in the principal sum of $736,250.00 and recorded on 5/8/2008, in Mortgage record as Document No. 2008000187838 in the office of the clerk of the County of KINGS in the State of New York, described as follows: Block 1638, Lot 1

Property Address: 107 PATCHEN AVE, BROOKLYN, NY 11221

Assignment from Mortgage Electronic Registration Systems, Inc. as nominee for Lehman Brothers Bank, FSB to Aurora Loan Services, LLC recorded 9/30/2008 as CRFN 2008000387714; Assignment from Aurora Loan Services, LLC to CPCA Trust I recorded 10/19/2012 as CRFN 2012000414253; Assignment from CPCA Trust I to Castle Peak 2012-1 Loan Trust recorded 10/19/2012 as CRFN 2012000414254; Assignment from Castle Peak 2012-1 Loan Trust to Castle Peak 2012-1 Loan Trust Mortgage Backed Notes, Series 2012-1 BY: U.S. Bank, National Association, as Indenture Trustee to be recorded concurrently herewith.

DATED: 25ᵀᴴ day of _October_ , 2013 .

CASTLE PEAK 2012-1 LOAN TRUST MORTGAGE BACKED NOTES, SERIES 2012-1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE BY: SELENE FINANCE LP, ITS ATTORNEY IN FACT, A DELAWARE LIMITED PARTNERSHIP

BY _____
Name: _____Donna Brammer_____
Title: _____Vice President_____

Power of Attorney recorded 1/22/2013 as Inst. 2013000028023

THIS INSTRUMENT WAS PREPARED BY AND AFTER RECORDING RETURN TO:
Charles A. Brown & Associates, P.L.L.C, 2316 Southmore, Pasadena, TX 77502

STATE OF TEXAS

COUNTY OF HARRIS

On _____ day of ____ 10-25 _____, ___2013___, before me, the undersigned, personally appeared _____ Donna Brammer _____, the _____ Vice President _____ of SELENE FINANCE LP, A DELAWARE LIMITED PARTNERSHIP, ATTORNEY IN FACT FOR CASTLE PEAK 2012-1 LOAN TRUST MORTGAGE BACKED NOTES, SERIES 2012-1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of HOUSTON, COUNTY OF HARRIS, STATE OF TEXAS.

_____
NOTARY PUBLIC, STATE OF TEXAS

Shaniquia Elizabeth Bazile
NOTARY'S PRINTED NAME
MY COMMISSION EXPIRES: September 19, 2017

For Notary Seal:

SHANIQUIA ELIZABETH BAZILE
Notary Public, State of Texas
My Commission Expires
September 19, 2017

SEAL

Mortgage dated 8/15/2007 in the amount of $736,260.00

# EXHIBIT D

**FOR CITY USE ONLY**

| C1. County Code | | C2. Date Deed Recorded | | | |
|---|---|---|---|---|---|
| | | | Month | Day | Year |
| C3. Book OR | | | C4. Page | | |
| C5. CRFN | | | | | |

**REAL PROPERTY TRANSFER REPORT**

**STATE OF NEW YORK**
**STATE BOARD OF REAL PROPERTY SERVICES**

# RP - 5217NYC

## PROPERTY INFORMATION

| 1. Property Location | 130-09 | 120TH STREET | | QUEENS | 11420 |
|---|---|---|---|---|---|
| | STREET NUMBER | STREET NAME | | BOROUGH | ZIP CODE |

| 2. Buyer Name | PENNYMAC CORP. | | |
|---|---|---|---|
| | LAST NAME / COMPANY | | FIRST NAME |
| | | | |
| | LAST NAME / COMPANY | | FIRST NAME |

**3. Tax Billing Address** — Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)

| | | | |
|---|---|---|---|
| | LAST NAME / COMPANY | | FIRST NAME |
| STREET NUMBER AND STREET NAME | | CITY OR TOWN | STATE | ZIP CODE |

**4. Indicate the number of Assessment Roll parcels transferred on the deed** [ 1 ] # of Parcels OR [ ] Part of a Parcel

- 4A. Planning Board Approval - N/A for NYC
- 4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
- 6. Ownership Type is Condominium [ ]
- 7. New Construction on Vacant Land [ ]

**5. Deed Property Size** [ ] FRONT FEET X [ ] DEPTH OR [ ] ACRES

| 8. Seller Name | STEINBERG, ESQ., AS REFEREE | | JASON B |
|---|---|---|---|
| | LAST NAME / COMPANY | | FIRST NAME |
| | | | |
| | LAST NAME / COMPANY | | FIRST NAME |

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | ✓ One Family Residential | C | Residential Vacant Land | E | Commercial | G | Entertainment / Amusement | I | Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B | 2 or 3 Family Residential | D | Non-Residential Vacant Land | F | Apartment | H | Community Service | J | Public Service |

## SALE INFORMATION

**10. Sale Contract Date** 12 / 2 / 2011
    Month   Day   Year

**11. Date of Sale / Transfer** 12 / 14 / 2011
    Month   Day   Year

**12. Full Sale Price** $ 6,7,1,7,8,6

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| | |
|---|---|
| A | Sale Between Relatives or Former Relatives |
| B | Sale Between Related Companies or Partners in Business |
| C | One of the Buyers is also a Seller |
| D | Buyer or Seller is Government Agency or Lending Institution |
| E | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | Significant Change in Property Between Taxable Status and Sale Dates |
| H | Sale of Business is Included in Sale Price |
| I | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | ✓ None |

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** [ A,1 ]

**16. Total Assessed Value (of all parcels in transfer)** [ 1,7,0,1,7 ]

**17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )**

QUEENS 11727 35

201112070036920104

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

| BUYER | | | BUYER'S ATTORNEY | | |
|---|---|---|---|---|---|
| | | | DEROSE & SURICO | | |
| 27001 AGOURA ROAD | | | 718 | 279-2000 | |
| BUYER SIGNATURE | | DATE | LAST NAME | | FIRST NAME |
| CALABASAS | | | | SELLER | |
| STREET NUMBER | STREET NAME (AFTER SALE) | | AREA CODE | TELEPHONE NUMBER | |
| | CA | 91301 | | | |
| CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | | DATE |

2011120700369201

| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER**<br><br>This page is part of the instrument. The City<br>Register will rely on the information provided<br>by you on this page for purposes of indexing<br>this instrument. The information on this page<br>will control for indexing purposes in the event<br>of any conflict with the rest of the document. | <br>2012022700587001003E6D0B |
|---|---|

| **RECORDING AND ENDORSEMENT COVER PAGE** | | **PAGE 1 OF 4** |
|---|---|---|
| Document ID: 2012022700587001 | Document Date: 12-14-2011 | Preparation Date: 03-29-2012 |
| Document Type: DEED | | |
| Document Page Count: 3 | | |

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| INTRACOASTAL ABSTRACT CO., INC.<br>31 STEWART STREET<br>FP~PICK UP KAREN LEVINE<br>FLORAL PARK, NY 11001<br>516-358-0505<br>M-24813Q | DEROSE & SURICO<br>213-44 38TH AVENUE<br>BAYSIDE, NY 11361<br>718-279-2000 |

**PROPERTY DATA**

| Borough | Block Lot | | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11727 35 | Entire Lot | | 130-09 120TH STREET |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

**PARTIES**

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| JASON B. STEINBERG, ESQ., AS REFEREE<br>67-30 DARTMOUTH STREET, #7L<br>FOREST HILLS, NY 11375 | PENNYMAC CORP.<br>27001 AGOURA ROAD<br>CALABASAS, CA 91301 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 9,572.95 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 2,688.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed    04-09-2012 10:23 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | **2012000136563** | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | *Annette M Hill* | |
| | | | *City Register Official Signature* | |

# EXHIBIT E

Recording Requested By:
VERDUGO TRUSTEE SERVICE CORPORATION

When Recorded Return To:

SHAKIR KARMOEDDIEN
13333 127TH STREET
JAMAICA, NY  11420

_____

## SATISFACTION OF MORTGAGE

CITIMORTGAGE, INC. #:2004809197 "KARMOEDDIEN"  Queens, New York
    KNOW ALL MEN BY THESE PRESENTS that CITIMORTGAGE, INC., whose address is 14700 CITICORP
DRIVE, MC 1020, HAGERSTOWN, MD  21742, holder of a certain mortgage evidencing an indebtedness in the
amount of $70,000.00 plus interest, whose parties, dates and recording information are below,  does hereby
acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof, does
hereby satisfy and discharge said mortgage.

Mortgagor: SHAKIR KARMOEDDIEN
Mortgagee: HORIZON BANKS N.A., NATIONAL MORTGAGE DIVISION
Dated:  11/08/2007 Recorded:  03/24/2008  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.:
2008000117262
This mortgage has not been assigned unless stated below.

-Assigned Wholly by MILE HIGH BANKS N.A., NATIONAL MORTGAGE DIVISION F/K/A HORIZON BANKS, N.A.,
NATIONAL MORTGAGE DIVISION TO CITIMORTGAGE, INC. Dated:  10/13/2011 Document to be recorded
concurrently herewith

Section/Block/Lot -11786-20

Property Address: 13333 127TH STREET, JAMAICA, NY  11420

County:  Queens

State of  New York

    IN WITNESS WHEREOF, CITIMORTGAGE, INC., by the officer duly authorized, has duly executed the
foregoing instrument.

CITIMORTGAGE, INC.
On November 23rd, 2011

By:_____
SHAWN LYERLY, Vice-President

(SEAL)

STATE OF Maryland
COUNTY OF Washington

On the 23rd day of November in the year 2011 before me, the undersigned, personally appeared SHAWN LYERLY,
Vice-President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s)
whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the instrument, and that such individuals(s) made such
appearance before the undersigned in the County of Washington, State of Maryland.

WITNESS my hand and official seal,

_____
MARY K DUVALL
Notary Expires: 10/07/2014
Washington, Maryland

| Mary K. Duvall<br>Notary Public<br>Frederick Co., MD | SEAL |

*SSB*SSBC/TM*11/22/2011 03:07:00 PM* CITM01CITM0000000000000005695558* NYQUEEN* 2004809197 NYSTATE_MORT_REL *TS7*TSTCITM*

# EXHIBIT F

Return By Mail To:
Ditech Financial LLC
C/O Nationwide Title Clearing,
Inc. 2100 Alt. 19 North
Palm Harbor, FL 34683

**Loan #: 89169864**

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that **PINTA, LLC SUCCESSOR IN INTEREST TO ASSETS OF UM CAPITAL, LLC** having its principal place of business at:
7360 SOUTH KYRENE RD., T324
TEMPE, AZ 85283

Does hereby proclaim that the following Mortgage(s) is(are) paid, and does hereby consent that the same be discharged of record.

Mortgage dated 08/02/2005, made by **INDRAVADAN PATEL** (Borrower/s) to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST NATIONAL BANK OF ARIZONA, ITS SUCCESSORS AND ASSIGNS** (Lender) in the principal sum of $130,000.00 and recorded on 10/24/2005 as **CRFN # 2005000593112**, in the Office of the Clerk of **QUEENS** County, **NY**.

See Exhibit attached for Assignments, Modifications etc.
Property Address: 101-16 114TH STREET
RICHMOND HILLS, NY 11419

**Dated this 12th day of January in the year 2016**
PINTA, LLC SUCCESSOR IN INTEREST TO ASSETS OF UM CAPITAL, LLC, by DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, its Attorney-in-Fact (POA RECORDED: 09/11/2015 INSTR#: 2015000318968)



**SHANNON MCKINNEY**

**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

**TIFFANY FLOYD**

**WITNESS**

STATE OF FLORIDA
COUNTY OF PINELLAS
Before me, **this 12th day of January in the year 2016**, the undersigned, personally appeared **Shannon McKinney** as VICE PRESIDENT for **DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC as Attorney-in-Fact for PINTA, LLC SUCCESSOR IN INTEREST TO ASSETS OF UM CAPITAL, LLC**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that they executed the same in their capacity(ies), and that by their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.



**DANIELLE KENNEDY - NOTARY PUBLIC**
**COMM: EXPIRES 06/26/2017**

DANIELLE KENNEDY
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF031287
Expires 6/26/2017

**Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
Property ID(S/B/L) Block: 9431 Lot: 14
GTSRC 393784933 6@      $47.00  DOCR T0816014717  [C-2] ERCNNY1

*D0014530923*

# EXHIBIT G

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

LIEN RELEASE DEPT
WELLS FARGO BANK, N.A.
MAC X9901-L1R
P.O. BOX 1629
MINNEAPOLIS, MN  55440

## SATISFACTION OF MORTGAGE

WF HOME EQUITY # 8376507902S210001 "MCFARLANE" Lender ID:0  Queens, New York

KNOW ALL MEN BY THESE PRESENTS that WELLS FARGO BANK, N.A., whose address is 2701
WELLS FARGO WAY, MAC# X9901-L1R, MINNEAPOLIS, MN  55467, holder of a certain mortgage evidencing an
indebtedness in the amount of $73,926.00 plus interest, whose parties, dates and recording information are below,
does hereby acknowledge full payment and satisfaction of the same, and in consideration thereof, does hereby
satisfy and discharge said mortgage.

Mortgagor:  SPENCER MCFARLANE
Mortgagee:  WELLS FARGO BANK, N.A.
Dated:  01/10/2008 Recorded:  04/16/2008  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.:
2008000151141
This mortgage has not been assigned unless stated below.

Section/Block/Lot N/A-11754-80

Property Address: 12046 131ST STREET, SOUTH OZONE PARK, NY  11420

County:  Queens

State of  New York

IN WITNESS WHEREOF, WELLS FARGO BANK, N.A., by the officer duly authorized, has duly executed
the foregoing instrument.

WELLS FARGO BANK, N.A.
On March 20th, 2015

By: 
MARY ANNE BOCK, Vice President Loan
Documentation

STATE OF Minnesota
COUNTY OF Hennepin

On the 20th day of March in the year 2015 before me, the undersigned, personally appeared MARY ANNE BOCK,
Vice President Loan Documentation, personally known to me or proved to me on the basis of satisfactory evidence
to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument,
the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such
individual(s) made such appearance before the undersigned in the County of Hennepin, State of Minnesota.

WITNESS my hand and official seal,

DEBRA CHRISTINE BOYD-KALER
Notary Expires: 01/31/2017
Hennepin, Minnesota

DEBRA CHRISTINE BOYD-KALER
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2017

SEAL

(This area for notarial seal)

*MPB*MPBWFMst*03/20/2015 06:03:39 AM* WFMC07WF4H30000000000000000400326* NYQUEEN* 8376507902S210001 NYSTATE_MORT_REL *MPBWFMM*

# EXHIBIT H

**Civil Court of the City of New York**

County of Queens

89-17 Sutphin Boulevard, Jamaica, NY 11435

Index Number: NC-000961-12/QU

In the Matter of the Application of
**IMRAN ISHMILE BADOOLAH AKA IMRAN I
BADOOLAH**
For Leave to Change His/Her Name To
**SULTAN IMRAN ISMAAIL ABDULLAH BAADOOLAH**

**ORDER
GRANTING LEAVE
TO CHANGE NAME**

Upon the annexed Petition(s) of IMRAN ISHMILE BADOOLAH AKA IMRAN I BADOOLAH verified

on October 03, 2012, requesting that IMRAN ISHMILE BADOOLAH be permitted to assume the name(s) of

(First) **SULTAN** (Middle) **IMRAN ISMAAIL** (Last) **ABDULLAH BAADOOLAH**, and the Court being

satisfied that the Petition is true, and it appearing from the Petition and the Court being satisfied that there is

no reasonable objection to the change of name(s) proposed, it is hereby **ORDERED** that,

1) The individual currently known as (First) **IMRAN** (Middle) **ISHMILE** (Last) **BADOOLAH** AKA

IMRAN I BADOOLAH who was born on September 16, 1979, at GUYANA, with COPY OF USA

PASSPORT NO. 113188352 as proof of birth, since no birth certificate is available, is hereby authorized to

assume the name of (First) **SULTAN** (Middle) **IMRAN ISMAAIL** (Last) **ABDULLAH BAADOOLAH** in

place and stead of his/her present name upon complying with the provisions of Article 6 of the Civil Rights

Law and of this Order.

2) This Order, consisting of a total of 2 page(s), shall be entered, and the Petition upon which it was

granted shall be filed, prior to the publication hereinafter directed, in the office of the Clerk of the Civil Court

of the City of New York, County of Queens.

3) Within sixty days of the making of this Order, a copy of this Order and supporting papers shall be

served upon the following:

**not applicable**

4) Proof of service on the above indicated party(ies) shall be filed with the Clerk of this Court within

ninety days of the making of this Order.

5) At least once within sixty days of the making of this Order, a notice shall be published in

Western Queens Gazette newspaper(s) in substantially the following form:

**Notice is hereby given that an Order entered by the Civil Court, Queens County on
_____1/9/13_____, bearing Index Number NC-000961-12/QU, a copy of which may be
examined at the Office of the Clerk, located at 89-17 Sutphin Boulevard, Jamaica, NY 11435,
grants me (us) the right to:**

FILED
GENERAL CLERK
JAN 1 0 2013
CIVIL COURT - QUEENS COUNTY

Civil Court of the City of New York

Page 2 of 2

County of Queens

Index Number: NC-000961-12/QU

**IMRAN ISHMILE BADOOLAH TO SULTAN IMRAN ISMAAIL ABDULLAH BAADOOLAH**

## ORDER GRANTING LEAVE TO CHANGE NAME

**Assume the name of (First) SULTAN (Middle) IMRAN ISMAAIL (Last) ABDULLAH BAADOOLAH**
**My present name is (First) IMRAN (Middle) ISHMILE (Last) BADOOLAH AKA IMRAN I BADOOLAH**
**My present address is 133-33 127 ST., South Ozone Park, NY 11420-**
**My place of birth is GUYANA**
**My date of birth is September 16, 1979**

6) Within ninety days of the making of this Order, proof of such publication, by Affidavit, shall be filed with the Clerk of the Civil Court in the County of Queens.

7) Following the filing of the Petition and the entry of this Order as directed in Paragraph 2 above; the service of such Order and such papers as directed in paragraph 3 above; the filing of proof of such service as directed in Paragraph 4 above; the publication of such notice as directed in Paragraph 5 above; and the filing of proof of such publication as directed in Paragraph 6 above, it is further **ORDERED** that (First) **IMRAN** (Middle) **ISHMILE** (Last) **BADOOLAH** AKA IMRAN I BADOOLAH shall be known by the name (First) **SULTAN** (Middle) **IMRAN ISMAAIL** (Last) **ABDULLAH BAADOOLAH**, which s/he is hereby authorized to assume.

1/9/13

Date

Judge, Civil Court
Honorable Charles S. Lopresto

PAUL W PIERRE
Notary Public, State of New York
Registration #01PI4967547
Qualified in Nassau County
Commission Expires October 15, 2013

5-13-2013

COPY OF ORIGINAL