AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| IMRAN BADOOLAH | ) | Case Number: 12CR774[KAM] |
| | ) | USM Number: 81856-053 |
| | ) | Camille Russell, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   **one of a five-count indictment**

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349, 1343 and 1344 | Conspiracy to Commit Bank and Wire Fraud, Class B Felony | 4/30/2012 | 1 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   **2, 3, 4 and 5 of the indictment**   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/25/2017
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

1/25/2017
Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: IMRAN BADOOLAH
CASE NUMBER: 12CR774[KAM]

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

30 months incarceration, with credit for time served between December 17, 2012 and January 2, 2013.

☑ The court makes the following recommendations to the Bureau of Prisons:

That Mr. Badoolah be designated to Fort Dix, New Jersey, to facilitate family visits. He is encouraged to participate in the BOP's Financial Responsibility Program that will assist him with making payments towards his restitution, forfeiture, and assessment obligations.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☑ before 12 p.m. on  3/10/2017

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: IMRAN BADOOLAH
CASE NUMBER: 12CR774[KAM]

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : __5 years with special conditions__

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: IMRAN BADOOLAH
CASE NUMBER: 12CR774[KAM]

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: IMRAN BADOOLAH
CASE NUMBER: 12CR774[KAM]

Judgment—Page 5 of 8

## SPECIAL CONDITIONS OF SUPERVISION

### RESTITUTION

Restitution is ordered in the amount of $449,721.00, of which $184,721 is owed to HSBC Bank. and $265.000 is owed to Freddie Mac, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201, and shall reference the docket number and case name. The Clerk of Court shall forward restitution payments of $184, 21 to HSBC Bank, Attn Fraud Investigations, 425 Fifth Avenue, New York, NY 10018. The balance of $265,000 is owed to Freddie Mac, Attn: Fraud Investigations, located at: 8200 Jones Branch Drive, Mclean, VA 22102, The Clerk of Court will distribute payments pro rata to the victim financial institutions. Defendant is liable for restitution is jointly and severally with Mr. Carl Bennett in 12CR456[KAM]. Restitution is due and payable immediately from available assets and shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law while on supervised release. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full.

### FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), the defendant has consented to the entry of a forfeiture money judgment in the amount of two hundred thirty-seven thousand, one hundred seventy dollars and five cents ($237,170.05), as property constituting, or derived from, proceeds obtained directly or indirectly, as a result of his offense, and/or as substitute assets. The court has "so ordered" the Forfeiture Order in the amount of $237,170.05. It is incorporated into this Judgment and attached hereto.

DEFENDANT: IMRAN BADOOLAH
CASE NUMBER: 12CR774[KAM]

## SPECIAL CONDITIONS OF SUPERVISION CONTINUE

a. Within thirty days, Mr. Badoolah shall truthfully and completely disclose to the U.S. Probation Office and U.S. Attorney's Office the precise location of the proceeds from the instant offense, whether held in Mr. Badoolah's name or in the name of another person or entity, including the assets and amounts in each location, the dates of any and all transactions or transfers of the assets, the identities of transferees, as well as any asset growth.

b. Upon request, Mr. Badoolah shall provide the U.S. Probation Office and U.S. Attorney's Office with full disclosure of all financial records to which he has access or authority, including co-mingled income, expenses, assets and liabilities, and include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, Mr. Badoolah is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, in any names, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office and U.S. Attorney's Office. Mr. Badoolah shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his assets, income and expenses. Mr. Badoolah shall cooperate in the signing of any necessary authorizations to release information forms permitting the U.S. Probation Office and U.S. Attorney's Office access to your financial information and records.

c. Mr. Badoolah shall comply with the Forfeiture and Restitution Orders.

d. Mr. Badoolah is prohibited from holding employment in the financial or real estate fields.

e. Mr. Badoolah shall cooperate with the U.S. Probation Office and U.S. Attorney's Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, Mr. Bedoolah shall provide full disclosure of his self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self-Employment Records), or as otherwise requested by the U.S. Probation Office or U.S. Attorney's Office.

f. Mr. Badoolah shall not possess a firearm, ammunition, or destructive device.

g. Mr. Badoolah shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer, which will be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of supervised release. Mr. Badoolah shall advise any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that Mr. Badoolah has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

h. Mr. Badoolah shall disclose to the Probation Office and U.S. Attorney's Office all names, aliases, and all other identification information (such as social security numbers) whether or not he has utilized the identification documents, and shall turn over any and all identification documents issued by any government entity within the United States or outside the United States. Mr. Badoolah is prohibited from applying for any further identification documents without first disclosing and seeking permission from the U.S. Attorney's Office and Probation. Mr. Badoolah is prohibited from applying for any new identification or name changes.

i. Mr. Badoolah is encouraged to participate in the BOP's Financial Responsibility Program that will assist him with making payments towards his restitution, forfeiture, and assessment obligations.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| DEFENDANT: | IMRAN BADOOLAH | Judgment — Page 7 of 8 |
| CASE NUMBER: | 12CR774[KAM] | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $0.00 | $ 0.00 | $ 449,721 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

✔ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk shall forward to:<br>HSBC Bank<br>425 Fifth Avenue,<br>New York, NY 10018<br>Attn: Fraud Investigations | $184,721 | $184,721 | |
| Clerk shall forward to:<br>Freddie Mac<br>8200 Jones Branch Drive<br>McLean, VA 22102<br>Attn: Fraud Investigations | $265,000 | $265,000 | |
| TOTALS | $449,721 | $449,721 | |

✔ Restitution amount ordered pursuant to plea agreement $ 449,721

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: IMRAN BADOOLAH
CASE NUMBER: 12CR774[KAM]

Judgment — Page __8__ of __8__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ✔ Lump sum payment of $ __449,721.00__ due immediately, balance due

☐ not later than _____, or
✔ in accordance ☐ C, ☐ D, ☐ E, or ✔ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ✔ Special instructions regarding the payment of criminal monetary penalties:

Restitution is ordered in the amount of $449,721.00, of which $184,721 is owed to HSBC Bank, and $265,000 is owed to Freddie Mac, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201, and shall reference the docket number and case name. The Clerk of Court shall forward restitution payments of $184,21 to HSBC Bank, Attn Fraud Investigations, 425 Fifth Avenue, New York, NY 10018. The balance of $265,000 is owed to Freddie Mac, Attn: Fraud Investigations, located at: 8200 Jones Branch Drive, Mclean, VA 22102, The Clerk of Court will distribute payments pro rata to the victim financial institutions. Defendant is liable for restitution is jointly and severally with Mr. Carl Bennett in 12CR456[KAM]. Restitution is due and payable immediately from available assets and shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law while on supervised release. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✔ The defendant shall forfeit the defendant's interest in the following property to the United States:
Pursuant to 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), the defendant has consented to the entry of a forfeiture money judgment in the amount of two hundred thirty-seven thousand, one hundred seventy dollars and five cents ($237,170.05), as property constituting, or derived from, proceeds obtained directly or indirectly, as a result of his offense, and/or as substitute assets. The court has "so ordered" the Forfeiture Order in the amount of $237,170.05. It is incorporated into this Judgment and attached hereto.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

SLR:LDM:CSK
F.# 2012R1001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

IMRAN ISHMILE BADOOLAH,

    Defendant.

- - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

12-CR-774 (KAM)

    WHEREAS, on or about November 20, 2014, IMRAN ISHMILE BADOOLAH (the "defendant"), entered a plea of guilty to Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1349 involving a conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343 and 1344, affecting a financial institution; and

    WHEREAS, pursuant to 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), the defendant has consented to the entry of a forfeiture money judgment in the amount of two hundred thirty-seven thousand, one hundred seventy dollars and five cents ($237,170.05) (the "Forfeiture Money Judgment"), as any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense, and/or as substitute assets.

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the "United States Marshals Service," with the criminal docket number noted on the face of the check. The defendant shall cause said check to be delivered by overnight delivery to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full at the time of the defendant's sentencing (the "Due Date"). If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2).

3. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

4. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money

Judgment. If the Forfeiture Money Judgment is not paid in full on or before the Due Date, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, and any other applicable law.

5. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

United States v. IMRAN ISHMILE BADOOLAH, 12-CR-774 (KAM)
Order of Forfeiture
Page 3

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. This Order shall be final and binding only upon the Court's "so ordering" the Order.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Shermin Lakha, FSA Law Clerk, 271-A Cadman Plaza East, Brooklyn, NY 11201.

Dated: Brooklyn, New York
       Jan. 20, 2017

SO ORDERED:

_s/KAM_
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

United States v. IMRAN ISHMILE BADOOLAH, 12-CR-774 (KAM)
Order of Forfeiture
Page 4