# LAW OFFICES OF JOSEPH F. KILADA, P.C.

Long Island Office
100 Quentin Roosevelt Boulevard, Suite 208
Garden City, NY 11530
Phone: (516) 222-0454
Fax: (516) 908-4266

March 27, 2017

**VIA ECF & FACSIMILE**
Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                RE:    **UNITED STATES V. IMRAN BADOOLAH**
                        **12 CR 774 (KAM)**

Dear Judge Matsumoto:

    This letter is respectfully submitted to request that the court reconsider allowing Mr. Badoolah to remain on home detention while his appeal is pending. Mr. Badoolah has been on home confinement for almost 50 months without incident.

## HOME DETENTION PENDING APPEAL RATHER THAN INCARCERATION

Pursuant to 18 U.S.C. § 3143(b):

"a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... [must] be detained, *unless* the judicial officer finds ... (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

A question raised on appeal is considered "substantial" when it is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C.Cir.1987).

In *U.S. v. Lamp*, 606 F.Supp. 193 (1985), the court noted that a "substantial question of law or fact" is a persuasive argument by the defendant, solidly based upon the evidence and law adduced prior to and during trial, which if decided in defendant's favor by the appellate court, would be "likely to result in reversal or an order for a new trial."

Mr. Badoolah presents a high likelihood of success in his appeal to withdraw his guilty plea because of the ineffective assistance of counsel he received in pleading guilty. Mr. Badoolah was induced into pleading guilty and thus presents a substantial question on his appeal, which if decided in his favor, would likely result in a withdrawal of his guilty plea.

Mr. Badoolah has been asked to self-surrender for incarceration on March 29, 2017. Since Mr. Badoolah has presented a substantial question of law on his appeal, that is not being used for the purpose of delay, Mr. Badoolah respectfully asks the court to allow him to stay on home detention pending his appeal.

                                                                                         Respectfully submitted,

                                                                                         Joseph F. Kilada  
                                                                                           Attorney at Law