```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,
                                          ORDER
        - against -
                                          12-CR-774 (KAM)


IMRAN ISMILE BADOOLAH¹,

                       Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On August 30, 2021, Defendant Mr. Imran Ismile Badoolah ("Mr. Badoolah") filed a motion for reconsideration of this Court's Memorandum & Order, dated August 19, 2021 (ECF No. 164, Violation of Supervised Release Order), finding that Mr. Badoolah violated the following condition of supervised release: Mr. Badoolah shall truthfully and completely disclose to the U.S. Probation Office and U.S. Attorney's Office the precise location of the proceeds from the instant offense, whether held in Mr. Badoolah's name or in the name of another person or entity, including the assets and amounts in each location, the dates of any and all transactions or transfers of the assets, the identities of transferees, as well as any asset growth.

---

[1] Since his sentencing, on January 9, 2013, in the Civil Court of the City of New York, County of Queens, Mr. Badoolah legally changed his name to Sultan Imran Ismaail Abdullah Baadoolah.

(ECF No. 165, Motion for Reconsideration ("Mot.").) This condition of supervised release was discussed with Mr. Badoolah at his sentencing because the court ordered restitution in the amount of $449,271, and without objection, he assured the Court that he would comply and that he understood his obligation to compensate his victims through restitution. (*See* ECF No. 120, Transcript of Proceedings as to Imran Ismile Badoolah held on January 25, 2017 at 15; 23-24; 40.) Thus far, Mr. Badoolah has paid a total of $15,772.00. (ECF No. 169, Probation's Memorandum to the Court, September 27, 2021.) The Government opposes the Motion for Reconsideration and filed its Memorandum in Opposition on September 13, 2021. (ECF No. 167, Response in Opposition ("Opp.").) For the reasons below, the Motion for Reconsideration is **DENIED**.

## BACKGROUND

The factual background detailed in this Court's August 30, 2021, Violation of Supervised Release Memorandum and Order is incorporated by reference. (*See generally* ECF No. 164, Violation of Supervised Release Order at 5-9.)

## LEGAL STANDARD

The standard for a motion for reconsideration in both civil and criminal cases is "strict," and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked —

2

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *United States v. McCoy*, 995 F.3d 32, 51 (2d Cir. 2021) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Accordingly, the Local Criminal Rules of the United States District Court for the Eastern District of New York require that a motion for reconsideration be accompanied by "[a] memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Criminal Rule 49.1(d).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotations, alterations and citation omitted); *see also Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Gupta v. Attorney General of U.S.*, 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014) ("[A] motion to reconsider is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument." (quotations and citation

3

omitted).)  "Ultimately . . . the decision on a motion for reconsideration is committed to the sound discretion of the district court."  *Gupta*, 52 F. Supp. 3d at 679; *accord In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d at 457(S.D.N.Y. 2014); *Butto v. Collecto Inc.*, 845 F. Supp. 2d at 494 (E.D.N.Y. 2012).

## DISCUSSION

Mr. Badoolah asserts that his motion should be granted based on the following grounds: (1) the Court applied a "more rigorous standard for invocation [of the Fifth Amendment]" than the standard detailed in *Hoffman v. United States*; (2) the Court's reading of *Reina v. United States* "is incompatible with the Supreme Court's subsequent Fifth Amendment jurisprudence, including *United States v. Mitchell*"; and (3) Mr. Badoolah established "a 'reasonable possibility' that his answers [during the deposition] could provide a link in the chain for additional criminal exposure."  (Mot. at 1-3.)  The Government contends that the Court's Memorandum and Order was correctly decided and that Mr. Badoolah "failed to meet the strict standard for granting reconsideration."  (Opp. at 1.)  After considering Mr. Badoolah's contentions and the Government's responses, the Court denies Mr. Badoolah's motion.

First, Mr. Badoolah mischaracterizes the Court's articulation of the standard for invocation of the Fifth

4

Amendment, and thereby, fails to identify legal authority the Court overlooked or an error by the Court to warrant reconsideration. The Court explained in its August 19, 2021 Memorandum & Order that the Supreme Court articulated in *Hoffman v. United States* that to invoke a Fifth Amendment privilege, the defendant would need to "furnish a link in the chain of evidence needed to prosecute" the defendant for a crime. *Hoffman v. United States*, 341 U.S. 479, 486, 71 S. Ct. 814, 95 L. Ed. 1118 (1951). This Court, relying on *Hoffman* and its progeny, explained that Mr. Badoolah could not exert the privilege "where disclosure presents no reasonable danger of incrimination, or where the risk is an extraordinary and barely possible contingency." (ECF No. 164 at 13); (citing *Hibbel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 189 (2004).) This same standard was articulated by the Supreme Court in *Hoffman v. United States*. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951) ("this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer.") Moreover, the Supreme Court in *Hoffman* also noted that "the witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself." (*Id.*) As this Court explained, in merely asserting remote and speculative possibilities of self-incrimination, Mr. Badoolah failed to articulate the inherent

5

risk in providing the Government with information that Mr. Badoolah assured he would provide by agreeing to comply with the condition of supervised release. Moreover, these same arguments were made by Mr. Badoolah and considered by this Court in assessing whether Mr. Badoolah violated supervised release. (*See* ECF No. 157, Letter Reply re Conditions of Release as to Imran Ismile Badoolah at 2-4.) Mr. Badoolah is not entitled to two bites at the apple by repeating arguments already considered. *Shrader*, 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.")

Second, the Court's decision is not inconsistent with the holding in *Reina v. United States*. The Court cited to *Reina* for the proposition that "the Fifth Amendment does not extend to crimes for which the Defendant is already convicted or protected by a plea agreement." (ECF No. 164 at 16); (citing *Reina v. United States*, 364 U.S. 507, 513 (1960).) Indeed, the Government correctly observes that "the Order concludes that the defendant's guilty plea and coverage pursuant to his plea agreement has narrowed the scope of his Fifth Amendment rights, and that answers to the questions related to that plea are outside the scope of the privilege." (Opp. at 3.) As the questions presented by the Government are related to Mr. Badoolah's bank and wire fraud convictions and their proceeds,

6

Mr. Badoolah "has failed to establish why answering these narrowly tailored questions would expose Mr. Badoolah to prosecutions for additional crimes beyond the offense at issue from which he is already protected or of which he has already been convicted. (ECF No. 164 at 16.) In the instant motion, Mr. Badoolah conjures a list of potential additional offenses that could be charged if he answers the Government's questions that are targeted at recovering the proceeds of Defendant's fraud for his victims. (See ECF No. 165, Motion for Reconsideration at 2) ("money laundering, uncharged wire and bank transactions, structuring financial transactions, or the substantive commission or merely misprision of numerous other federal and state felonies"). Mr. Badoolah's last ditch effort to relitigate the scope of his Fifth Amendment right, warrants denial of his motion to reconsider.

Lastly, the Court previously explained that Mr. Badoolah had not "offered any meaningful detail as to the risks his truthful responses would create" in accordance with *Zicarelli v. New Jersey State Comm'n of Investigation*. (ECF No. 164 at 16); (citing *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478 ("It is well established that the privilege protects against real dangers, not remote and speculative possibilities.")) The Court has not suggested that *in camera* review is required, however, as the Second Circuit

explained in *Est. of Fisher v. Comm'r*, "the Supreme Court has repeatedly looked with favor upon the practice of *in camera* review of various privileges against disclosure." *Est. of Fisher v. Comm'r*, 905 F.2d 645, 650 (2d Cir. 1990). Mr. Badoolah had the option of requesting the Court to review *in camera* the purportedly incriminating information, but chose not to avail himself of the opportunity. In any event, Mr. Badoolah has failed to explain why the Court's decision constitutes a clear error or change in the law.

## CONCLUSION

Accordingly, Defendant's motion for reconsideration is respectfully **DENIED**. The parties are ordered to appear at the sentencing on the violations of supervised release on October 6, 2021 at 2:00 p.m. in Courtroom 6C South.

**SO ORDERED.**

Dated: Brooklyn, New York
October 5, 2021

/s/
Hon. Kiyo A. Matsumoto
United States District Judge